# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2014

Lyle W. Cayce
Clerk

No. 13-50532

DUOLINE TECHNOLOGIES, L.L.C.,

Plaintiff-Appellant

v.

POLYMER INSTRUMENTATION AND CONSULTING SERVICES, LIMITED, doing business as Polymics, Limited; DR. TIM HSU,

Defendants-Appellees

JOSEPH SCHWALBACH; COMPOSITE LINING SYSTEMS, L.P., also known as CLS,

Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-MC-61

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

The district court's order of November 26, 2012, is within the proper exercise of discretion of that court with one exception. The temporal restriction on the production of documents and on the interrogation of Joseph Schwalbach is removed for the following reason.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50532

The subpoenas sought production of the following: "1. All documents reflecting any communications between [CLS] and Polymics between January 1, 2005 and the present.  2. All documents reflecting any communications between [CLS] and Applied Polymer between January 1, 2005 and the present. 3. All documents reflecting any business relationship between [CLS] and [nine individuals and companies CLS regularly communicates, consults, or does business with, including three companies that purportedly shared the same Taiwanese address as Polymics's subsidiary Applied Polymer Materials].  4. All documents regarding products acquired or obtained by [CLS] from or through any of the persons [listed in the previous request].  5. All documents regarding the products listed on [an attached website printout listing thirty-three (33) alleged shipments to CLS]."

The district court declined to compel the production requested in numbers 1-3 as written and instead "limit[ed] them to communications only regarding the molds during the time frame Schwalbach was employed by Duoline."  The court quashed requests numbers 4-5 because they required disclosure of confidential information or trade secrets.  The court further ordered that the deposition of Joseph Schwalbach should include matters framed by the pleadings and the matters set forth in Schwalbach's affidavit, limited to the time he was employed by Duoline.  We agree with the district court's limitations on the discovery, including the limitation of documents under numbers 1-3 to communications regarding the molds.  We eliminate the temporal restriction.

Duoline claims in its Pennsylvania action that Polymer has employed molds owned by Duoline, and it attempts now to connect that misuse with accessory products purchased by Schwalbach's company CLS.  Duoline for that reason seeks to conduct a deposition of Schwalbach and to obtain relevant documents.  Schwalbach filed an affidavit in which he states that any

knowledge he had in regard to Duoline's suit against Polymics is limited to the time he was employed by Duoline.  Then he explains that he ensured "that CLS' products use different sized molds than the molds sold to Duoline by Polymics."  Further, he says, "CLS and Duoline cannot use the same mold."  And "[a]ny molds I have used were purchased by CLS from a company named SYS/Hexachain rather than Polymics or any of its subsidiaries."

Duoline replies that this Hexachain source uses the same address in Taiwan as a subsidiary of Polymics, and Duoline should be allowed to interrogate Schwalbach about his knowledge and conduct.  It further asserts that any communications about shipments of molds or accessory products to CLS could not have been created until after Schwalbach left Duoline's employment in 2005.  We agree with Duoline.  The district court's order is therefore modified to remove the temporal restriction on the deposition and the production of documents, but the order remains in effect in all other respects, including the restriction on the production of confidential information or trade secrets.

This case is remanded to allow the production of documents and the deposition of Joseph Schwalbach accordingly.

REMANDED.

3